United States District Court
Southern District of Texas

**ENTERED**

July 31, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANUEL ARNULFO HERNANDEZ MEJIA, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-05949 |
| MARKWAYNE MULLIN, *et al.*, | § § § | |
| Respondents. | § § | |

## ORDER

Before the Court is Petitioner Manuel Arnulfo Hernandez Mejia's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Stay and in the Alternative Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Stay and Motion for Summary Judgment.

## I.    BACKGROUND

The following facts are not in dispute. Petitioner Manuel Arnulfo Hernandez Mejia is a thirty-nine-year-old citizen of El Salvador who entered the United States without inspection in 2008, nearly twenty years ago. ECF No. 1 at ¶¶ 4-5. He has resided in the United States continuously since that time. *Id*. at ¶ 5. Mr. Hernandez Mejia's father is a Lawful Permanent Resident of the United States. ECF No. 1, Ex. B. On September 9, 2016, Mr. Hernandez Mejia's father filed a Petition for Alien Relative (Form I-130) on his behalf. ECF No. 1, Ex. C. The Petition was approved on April 6, 2020. *Id*. On September 6, 2024, Mr. Hernandez Mejia filed a Form I-

601A, Application for Provisional Unlawful Presence Waiver with United States Customs and Immigration Services (USCIS). ECF No. 1, Ex. E.

On March 7, 2026, Mr. Hernandez Mejia was detained by Immigration and Customs Enforcement (ICE) officers during a traffic stop. *Id*. at ¶ 9. Upon being detained, Mr. Hernandez Mejia was issued a Notice to Appear (NTA) in removal proceedings before an IJ. ECF No. 5, Ex. 1. The NTA charged him with being "an alien present in the United States who has not been admitted or paroled." *Id*.

On March 26, Mr. Hernandez Mejia requested a custody redetermination hearing before an Immigration Judge (IJ). *Id*. at ¶ 11. The IJ denied bond because Mr. Hernandez Mejia "is subject to mandatory detention pursuant to *Buenrostro-Mendez v. Bondi*." ECF No. 1, Ex. F (bond denial). The IJ thus did not consider the merits of Mr. Hernandez Mejia's bond request.

On June 22, 2026, Mr. Hernandez Mejia filed a motion to administratively close his removal proceedings with the immigration court on the basis of USCIS's delay in adjudicating his pending Form I-601A, which would allow him to adjust his status to that of a Lawful Permanent Resident. The IJ's order stated:

> The Court notes that DHS is solely responsible for the continued delay in these proceedings, and DHS did not provide a persuasive reason as to why proceedings should not be administratively closed. The case has been pending before USCIS since September 2024, nearly two years prior to the filing of this motion. For the Court to proceed when Respondent is not seeking relief that is within the Court's jurisdiction, is an inefficiency and waste of judicial resources. Further, should the Court continue hearing this case without viable relief before the Court, and order Respondent removed, the removal would not be in the interest of justice. The same party advocating removal is denying the Respondent's opportunity to seek an adjustment of status, not on the merits of the application, but on the time it takes for USCIS to fully adjudicate an application. Due process in this particular case dictates that the case be administratively closed at this time.

2 / 7

*Id*. On July 22, 2026, DHS filed a motion to re-calendar Mr. Hernandez Mejia's removal proceedings with the immigration court. ECF No. 1, Ex. G. The IJ denied this motion on July 23, 2026. *Id*.

Respondents position is that Mr. Hernandez Mejia is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

## II.    ANALYSIS

Petitioner argues, among other claims, that his detention violates his Fifth Amendment right to due process of law. The Court agrees. It therefore declines to address Petitioner's additional claims for relief. The Court also denied Respondents' Motion to Stay proceedings pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez v. Ortega*, No. 26-50183.

### A.  Petitioner's detention violates substantive due process.

This Court has previously held that the mandatory detention of an undocumented noncitizen who had resided in the United States for many years violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 690 (S.D. Tex. 2026) (Ellison, J.) (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). Here, however, the disconnect between the supposed purpose of Petitioner's detention and the reality is even more glaring. Indeed, this case differs from the vast majority of habeas petitions challenging mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) in that here, Petitioner remains in detention despite the fact that there is currently no active removal proceeding against him. This is a clear violation of due process.

3 / 7

It is well-established that "[c]ivil immigration detention. . . is substantively constitutional only insofar as it serves the nonpunitive, immigration-related purpose of facilitating lawful removal of removable noncitizens." *Rodriguez*, 823 F. Supp. 3d at 685 (citing *Wong Wing v. United States*, 163 U.S. 228, 236 (1896)). Detention under § 1225(b)(2), like mandatory detention under§ 1226(c), serves the permissible purpose of "preventing deportable [ ] aliens from fleeing prior to or during their removal proceedings." *Id.* at 686 (quoting *Demore v. Kim*, 538 U.S. 510, 528 (2003)); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (suggesting that the purpose of detention under § 1225(b)(2) is to prevent inadmissible aliens from "abscond[ing].").

Respondents have not identified any immigration-related purpose of Petitioner's continued detention since the Immigration Judge administratively closed his removal proceedings and denied the Government's motion to re-instate proceedings. Petitioner cannot flee removal proceedings that have been administratively closed. While the Government may, at some point, successfully re-instate Petitioner's removal proceedings, they have provided no evidence to suggest that this is likely to happen anytime in the near future.[1] Indeed, their request to do so was denied by the Immigration Judge on July 23. Under such circumstances, Petitioner's detention "no longer bears a reasonable relation to the purpose for which [he] was committed." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks omitted).

---

[1] Respondents correctly note that "DHS reserved the right to appeal [the IJ's administrative closure of removal proceedings], and the appellate deadline was July 22, 2026." ECF No. 5 at 2. However, Respondents make no representation that they did, in fact, appeal this decision. The Court therefore assumes that they did not do so. Moreover, even had Respondents exercised their right to appeal this decision to the Board of Immigration Appeals, resolution of this appeal is likely to take years. Such an appeal could not justify Petitioner's continued and indefinite detention after the administrative closure of his removal proceedings.

**B. Respondents are not entitled to a stay pending the Fifth Circuit's decision in *Sosnava Rodriguez*.**

Respondents also argue that the Court should stay any action in this case in light of the Fifth Circuit's published order granting the Government's motion for stay of the district court judgments pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez*. *See Rodriguez v. Ortega*, ---F.4th---, 2026 WL 2104747 (5th Cir. July 21, 2026). For the following reasons, the Motion to Stay is denied.

Respondents appear to argue that the Fifth Circuit's one-sentence order granting a stay of the underlying district court judgments in *Sosnava Rodriguez* has the extraordinary effect of barring all district courts from granting habeas petitions by noncitizens detained pursuant to 8 U.S.C. § 1225(b)(2) on any due process ground—no matter how dissimilar from the reasoning at issue in the stayed district court judgments.

As Respondents acknowledge, the Court has previously considered and rejected this argument. *See Perozo-Mata v. Blanche*, No. 4:26-CV-05679, 2026 WL 2195373, at *3 n. 2 (S.D. Tex. July 27, 2026) (Ellison, J); *Gonzalez Gonzalez v. Blanche, et al.*, No. 4:26-cv-5561, ECF. Dkt. No. 10, (S.D. Tex. July 27, 2026) (Ellison, J.). Other district courts within the Fifth Circuit have similarly rejected Respondents' expansive interpretation of the Fifth Circuit's one-sentence, unreasoned stay order. *See, e.g., Camacho v. Dep't of Homeland Sec.*, No. EP-26-CV-01717-DB, 2026 WL 2137156, at *2-3 (W.D. Tex. July 24, 2026) (concluding that "facial invalidation of Section 1225(b)(2)(A) is all that is precluded" by the stay); *Mercado Leyva v. United States Department of Justice Immigration Court*, 5:26-CV-01196, Doc. No. 11 at 2-3 n. 1 (S.D. Tex. July 23, 2026) ("Without clearer direction, the Court will not deny relief this Court deems meritorious

solely because the district court judgments granting relief to individual habeas petitioners were stayed.").

The Court declines to reconsider its prior decisions on this issue. However, it pauses to note that even giving the *Sosnava Rodriguez* stay the expansive reading sought by Respondents, it would not bar relief in this case. Respondents claim that the *en banc* court's decision in *Sosnava Rodriguez* "will be controlling and dispositive of thousands pending habeas petitions in this Circuit, including the Habeas Petition at bar." ECF No. 5 at 4. But this is false. As discussed above, there is currently no active removal proceeding against the Petitioner in this case. This fact, largely ignored by Respondents, clearly distinguishes his case from those of the noncitizen petitioners in *Sosnava Rodriguez*.

## III.    REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

Given the severity of this ongoing unconstitutional deprivation of Petitioner's liberty, the Court concludes that immediate release from custody is required. The Court agrees with other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention").

6 / 7

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a driver's license and/or passport.

4. Respondents may not re-detain Petitioner unless and until the immigration court has taken steps to re-instate his removal proceedings.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before August 4, 2026**, informing the Court of the status of Petitioner's release and Respondents' compliance with the requirements outlined above.

   **IT IS SO ORDERED.**

   Signed at Houston, Texas on July 31, 2026.

Keith P. Ellison
United States District Judge